```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GOD'S CHILD KAREN ELIZABETH GLASS,

                    Plaintiff,
                                              MEMORANDUM & ORDER
         -against-                            17-CV-3141(JS)(AYS)

UNITED STATES PRESIDENTS since 1960;
UNITED STATES SOCIAL SECURITY since
1971; UNITED STATES SOCIAL SERVICES,
SOCIAL SERVICES SOCIAL WORKERS since
1972; DR. NEIL BELLIN; UNITED STATES,
FAMILY COURT, Unit 41675, 41675A;
CRIMINAL COURT, Hempstead, NY 11550;
JUDGE RICHARD LAWRENCE; and CARL
and SHEILA PEARSON,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Karen E. Glass, pro se
                    P.O. Box 1761
                    Baldwin, NY 11510

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On May 11, 2017, pro se plaintiff Karen Elizabeth Glass ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") on the Court's Civil Rights Complaint Form against Robert Sanchez, New York State Social Services, Nassau County; the New York State Family Court, "the whole New York State Since 1972", Laurie Kenna, Sheila Green, Paula Miami, Mrs. Denny, Carol Swain, and Judge Richard Lawrence. The Complaint was accompanied by an application to proceed in forma pauperis. (See Docket Entries 1-2.) On June 5, 2017, Plaintiff filed an Amended Complaint on the Court's form for "Complaint for Civil Case

Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)" and listed as defendants: United States Presidents since 1960; United States Social Security since 1971; United States Social Services, Social Services Social Workers since 1972; Dr. Neil Bellin; the United States, Family Court, Unit 41675, 41675A; Criminal Court, Hempstead, NY 11550; Judge Richard Lawrence, and Carl and Sheila Pearson (collectively, "Defendants"). (See Am. Compl., Docket Entry 6.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

BACKGROUND[1]

Plaintiff's disjointed, incoherent, handwritten Amended Complaint, begins:

> They steal from Karen Glass's car hubcaps or books. They have lock pick keys. Summonse or supeona them to court, if Nassau County did not give a damn since 11-10-97 when Laura + Joseph Gitto lived there and might of adopted my son Daniel in the wrong Kingdom or Bryan Glass did. Bryan

---

[1] Excerpts from the Amended Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

Glass was jealous of Daniel?

Order of Protection necessary executed and enforced today. Against Hell's Angel Gangs for Karen E. Glass and family that cared about children that gave a damn about people. God's Karen E. Glass's civil rights terminated in 2001 by Family Court Westbury, New York 11590. No job was given since 9-21-2001 after Pathmark rejected, my body. Too tall the reason. They were Hell's Angel Gang Members of Social Services. 460 Franklin Avenue, Franklin Square, New York 11010 (516) 352-5332 Diane Archer Store manager. 4.0 Cashier Bookkeeper took money out of my til. Karen E. Glass would like a job, a place to live, housing and a boyfriend too.

I'm not the criminal or Daniel Hall 2-13-99 3 pm in Correction Center East Meadow, New York soup kitchen? If Judge Judy Shapiro executed a 4 year old, was that my son?

(Am. Compl. at 3.)

In its entirety, the Statement of Claim alleges:

Hell's Angel Gangs Judge Hart 1999 February 4th or negligent Malverne or Lynbrook New York Police Dept. Killed my family. My family is dead or Hell's Angel Gang members. Give me death certificates necessary if my mother is not my mother or sons are not my sons. Karen Elizabeth Glass is mentally competent. No drugs necessary. Defamed, defrauded of a full time job.

On 1970 or 1972 at Malverne, New York 11565 . . . my family may not be alive because of the President, Social Security or Social Services in Nassau County, New York. Since 1971, 1972, 1998, 1980, my sons are not my sons because of Robert Sanchez, Mrs. Lopez, Laurie Kenna. No housing was given or apartments in New York state since 9-1-97. No job given since 1980 or 2001. Full-time job. They are negligent. No pictures were taken of Michael C. Hall 3-23-98 1000 North Village Avenue Rockville Centre, New York 11570 Mercy Medical Center, Virginia Renosh lied. He had hazel eyes & dirty blonde hair, not blue eyes. Born 3-22-98 12:16 pm at home. Not sleeping. Not mentally ill. He was lactose intolerant. Not feeding properly. Hell's Angel Gangs adopted him in wrong kingdom.

3

(Am. Compl. at 5.)  For relief, Plaintiff alleges:

> Damages since I was born 11-29-61 Overlook Hospital in Summit, New Jersey, yellow Birth Certificate.  My mother always neglected me with sister and brothers.  She never gave a damn if I got married in a church, or got a job or education or my own apartment like Pamela Margaret Glass Irwin 7 Tower St. Hell's Angel Gang Member Huntington Station, New York 11746.  She alway gave money, cars, house to other 3 children.  Please award civil damages, compensatory damages, or reward for me for punitive damages for 14 million or more if my family or sons are not giving a damn after 11-14-97 or 3-27-98 3:30 p.m.  No job since 2001.  No husband or boyfriends since 2008.

(Compl. at ¶ IV.)

DISCUSSION

I.  <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  <u>See</u> 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in</u> <u>forma</u> <u>pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  <u>See</u> <u>id.</u> § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro</u> <u>se</u>

plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). "An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual

5

contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (alteration in original)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against it. See FED. R. CIV. P. 8; Iqbal, 556 U.S. at 678. A complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); see Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial." Simmons, 49 F.3d at 86 (citing Salahuddin, 861 F.2d at 42).

6

Here, as is readily apparent, the Amended Complaint is nothing more than Plaintiff's delusions, does not set forth any cognizable claims, and falls far short of giving fair notice of her claims as required under Rule 8(a)(2). Given that Plaintiff has filed a frivolous Amended Complaint, it is sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[2] Baron v. Complete Mgmt., Inc., 260 F. App'x 399 (2d Cir. 2008) ("[D]ismissal is appropriate where, as here, a complaint is a 'labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension.'") (quoting Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (second alteration in original) (per curiam)).

III. Leave to Amend

Given the Second Circuit's guidance that a pro se Complaint should not be dismissed without leave to amend unless amendment would be futile, Ashmore v. Prus, 510 F. App'x 47, 49 (2d Cir. 2013) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)), the Court has carefully considered whether leave to amend is warranted here. Rule 15(a)(2) of the Federal Rules of Civil

---

[2] The Court notes that, even if Plaintiff had set forth cognizable Section 1983 and/or negligence claims, given that the challenged conduct is alleged to have occurred during the years 1970, 1972, 1997, 1998 and 2001, Plaintiff's claims are likely time-barred. See N.Y. CPLR § 214(5); Paige-Bey v. City of N.Y., No. 13-CV-7300(SLT)(RER), 2016 WL 7217197, at *2 (E.D.N.Y. Dec. 12, 2016) (citing Dory v. Ryan, 999 F.2d 679, 681 (2d Cir. 1993) (citing Wilson v. Garcia, 471 U.S. 261 (1985)) ("The statute of limitations for actions under § 1983 is the statute of limitations applicable to personal injury actions occurring in the state in which the federal court sits.").

7

Procedure provides that a party shall be given leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[W]hen addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. However, if amendment would be futile, i.e., if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Construing the Plaintiff's Amended Complaint liberally, and interpreting it as raising the strongest arguments suggested,

Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court finds that Plaintiff's allegations rise to the level of the irrational. Accordingly, the Court declines to afford Plaintiff an opportunity to further amend her Complaint given that the deficiencies therein are not such that could be cured by amendment. Thus, LEAVE TO FILE A SECOND AMENDED COMPLAINT IS DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED but the Amended Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a plausible claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff at her last known address.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October __12__, 2017
       Central Islip, New York

9